## Kuza v. Borough of Shenandoah

*J. W. P. Burke*, for petitioner.
*Martin McGuire*, for borough.

CURRAN, J., September 5, 1956.—Plaintiffs in this case filed a petition for a special levy under the Act of July 10, 1947, P. L. 1621, sec. 41, 53 PS §13392, to enforce payment of judgments obtained by them against the Borough of Shanandoah. These judgments in question were obtained in the court of common pleas as a result of an action in mandamus and entered to no. 383 and no. 384, September term, 1948. In their petition, plaintiff petitioners aver that no payment has been made on these judgments, and they ask the court to direct the officers of defendant borough to levy and collect a special tax sufficient in amount to pay them.

There were four preliminary objections filed by defendant borough to this petition, setting forth as the reason therefor that there is an act of assembly which provides for the method of enforcing judgments against boroughs in the court of common pleas and that plaintiffs have failed to exhaust their remedies in that court. These objections are now before this court for determination and, since the reason set forth for each objection is the same, they can be treated together.

The Act of April 2, 1860, P. L. 589, sec. 1, 53 PS §15761, provides: "In all cases where judgments have been or shall be obtained against a borough within this commonwealth, like proceedings to enforce payment thereof out of the borough fund may be had as are provided by law for enforcing payment of judgments against townships; and the writ of execution to be issued in such cases shall be served upon the burgess, or treasurer, or secretary of the town council of the proper borough."

It was stated by the Supreme Court in In Re Sedgeley Avenue, 88 Pa. 509, 515: ". . . the Act of 15th of April 1834, P. L. 538, . . . provides for the enforcing of judgments against counties and townships. The 6th sect. of said act is as follows: 'If the judgment shall be obtained against a county in any action or proceeding, the party entitled to the benefit of such judgment may have execution thereof as follows, and not otherwise, viz.: *It shall be lawful for the court in which such judgment shall be obtained* (italics supplied), or to which such judgment may be removed by a transcript from a justice of the peace or alderman, to issue thereon a writ commanding the commissioners of the county to cause the amount thereof, with the interest and costs, to be paid to the party entitled to the benefit of such judgment, out of any moneys unappropriated by such county, or if there be no such moneys, out of the first moneys that shall be received for the use of such county, and to enforce obedience to such writ by attachment.' "

And on page 517, Justice Paxson, speaking for the court, said: "I am unable to see the wisdom or the policy of the rule which would require the Quarter Sessions to hand over a portion of its unfinished business to another court for completion." The converse must perforce follow.

This Act of April 15, 1834, P. L. 537, was not repealed at the time the Act of April 2, 1860, was enacted. In fact, section 1396 of the Act of July 14, 1917, P. L. 840, which provides for enforcement of judgments against townships was derived from section 6 of the 1834 Act and was in substantially the same form, and this 1917 Act was not repealed until 1931. Finally, the Act of April 2, 1860, has not been repealed to date, so it is evident that the act would be controlling on the question of enforcing judgments against boroughs.

It is apparent from the wording of the Act of April 2, 1860, P. L. 589, sec. 1, that section 6 of the Act of April 15, 1834, is incorporated by reference. Thus, we must look to this latter act to complete the determination of the proper procedure to be followed in enforcing judgments against boroughs. The act provides that a writ may issue from the court in which the judgment was obtained commanding the officers of the county or township to pay the judgment out of any unappropriated moneys or, if there be no such moneys, out of the first moneys that shall be received for the use of such county or township. The act further provides that the party entitled to the benefit of a judgment against a county or township may have execution thereof in the above manner, and not otherwise.

Thus, we must say that the proper procedure, and for that matter the only procedure, for enforcing judgments against boroughs is for the judgment creditor *to obtain a writ from the court which rendered the judgment* commanding the proper officers of the borough to pay the judgment out of any unappropriated moneys of the borough or, if there be no such moneys, out of the first moneys that shall be received for the use of such borough. This writ of execution shall be served upon the burgess or treasurer or secretary of the town council of the proper borough. Consequently, the judgment plaintiffs in this case must follow the mandates of the Act of April 2, 1860, P. L. 589, sec. 1, 53 PS §15761, and proceed in the court of common pleas, where their judgment was obtained. Therefore, the preliminary objections are sustained and the petition is dismissed.

And now, September 5, 1956, the preliminary objections are sustained and the petition is dismissed.

And now, September 5, 1956, upon motion of counsel for plaintiffs, an exception is noted.